UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUAN FLORES

    Plaintiff

Vs                                                            CASE #:

PORTFOLIO RECOVERY ASSOCIATES, LLC

    Defendant

FILED BY _____ D.C.
OCT 10 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff, Juan Flores individually, hereby sues Defendant PORTFOLIO RECOVERY ASSOCIATES, LLCand alleges;

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15USC §1692 et. seq, for damages for violation of the Fair Credit Reporting Act (FCRA) 15USC § 1681b et seq. and for damages for violation of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI).

2. Plaintiff contends that the Collection Company Defendant have violated such laws by attempting to collect an alleged and non- existing consumer debt.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, §1692k (d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

1

5. This is an action for damages, which exceeds $25,000.00.

## PARTIES

6. Plaintiff, Juan Flores (FLORES) is a natural person and is a resident of the State of Florida.

7. Upon information and belief Defendant, PORTFOLIO RECOVERY ASSOSIATES, LLC. ("PRA"), is a Foreign Limited Liability Company authorized to do business in the State of Florida. PRA is a debt purchaser and collector headquartered in NORFOLK, VA. PRA is one of the nation's largest buyers of defaulted loans, credit card accounts, car loans and other debts, which it purchases from creditors at a substantial discount to the face value of the debts.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated, to pay a debt asserted to be owed or due a creditor.

9. Plaintiff alleged obligation, owed or due, or asserted to be owed or due a creditor, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. PRA is a debt purchaser and collector. When IT purchases debt portfolios it does not actually purchase anything other than the theoretical claim of ownership. There are no notes assigned. No contracts are transferred. Al that is bought is an electronic list of consumers and their last known address with an amount the creditor claims to have been owed.

11. PRAdoes not actually purchase and receive the credit contracts, their specific terms, payment histories, sales or billing documents and other documents absolutely necessary to properly prosecute and collect a debt or even to know with any degree of confidence that a specific debtor opened, used and then failed to pay a debt in a specific amount.

12. On or around March 20, 2018 Plaintiff requested hi Credit Report from Experian, Equifax and Trans Union (collectively the "consumer reporting agencies" or the "CRAs").

13. Plaintiff found after examination of his Trans union consumer credit report that Defendant PRA had pulled Plaintiff's consumer credit report on; 6/11/2017. Defendant PRA used or obtain Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

14. Plaintiff found after examination of his EXPERIAN consumer credit report that Defendant PRA had pulled Plaintiff's consumer credit report on; 11/19/2018, 7/25/2017 and 7/10/2017. Defendant PRA used or obtain Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

15. On or around October 22, 2018, Plaintiff sent a dispute letter to the "CRAs" after finding entities that he was unfamiliar with in the reports.

16. On or around November 10, 2018, defendant PRA sent a letter to Plaintiff stating that the alleged account reported in Plaintiff's credit report was a valid account.

17. No original account level documents were provided to establish the validity of alleged account.

18. On or around November 19, 2018 plaintiff received a response from EXPERIAN and TRANS UNION. EQUIFAX failed to respond.

19. After contacting defendant PRA, EXPERIAN updated inaccurate information inPlaintiff's credit report.

20. After contacting defendant PRA, TRANS UNION updated inaccurate information in Plaintiff's credit report.

21. On July 17, 2019, Plaintiff pulled his consumer credit Report from EXPERIAN, EQUIFAX and TRANS UNIONand found one more time, entries by defendant PRA with in the reports.

22. Plaintiff determined that his consumer credit report had been pulled on various occasions by defendant PRA and without his consent.

23. Plaintiff found after examination of his Trans union consumer credit report that Defendant PRA had pulled Plaintiff's consumer credit report on; 3/27/2019. Defendant PRA used or obtain Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

24. PRA accessed Plaintiff's consumer report in an attempt to collect on an alleged account that Plaintiff did not have.

25. As described in the FTC Report of July, 2011 (https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary- interpretations/110720fcrareport.pdf ), "since its initial passage in 1970, the Federal Trade Commission ("FTC" or "Commission") has played a key role in the implementation, oversight, enforcement, and interpretation of the FCRA. Under the *Consumer Financial Protection Act of 2010 ("CFPA"), the FTC retains its enforcement role but* will share that role in many respects with the newly created Consumer Financial Protection Bureau ("CFPB")"

26. The FTC, in said Report, shares their interpretation of the law on "permissible purpose" in a clear and unmistakable manner backed by 40 years of experience.

27. First, the FTC and later the CFPB defined "creditor" as follows;

"Creditor" "means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that that person receives

an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another"

28. The FTC also stated creditors can have a permissible purpose to access a consumer's credit file. However, a debt buyer, such as PRA is not a creditor since (1) It has never extended credit of the Consumer, (2) PRA is assigned or transferred the debt through *purchase*, and (3) PRA is collecting on its own behalf rather than the creditor.

29. Some debt collectors are permitted to access a consumer's file. A collection agency, detective agency, private investigator, or attorney can have a permissible "collection" purpose under this section to obtain a consumer report on a consumer for use in obtaining payment of that consumer's account on **behalf of a creditor**. That does not fit PRA; PRA is not a creditor and is collecting for itself.

30. Defendant PRA used or obtain Plaintiff's consumer report in behalf of ITSELF; a debt buyer and a debt collector.

31. Defendant PRA used or obtain Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

32. Defendant PRA accessed Plaintiff's consumer report in attempting to collect on an alleged account that Plaintiff did not have.

33. After further examination Plaintiff discovered that Defendant PRA has harmed the Plaintiff by reporting a disputed account in his credit files with CRAs.

34. PRA reported a collection account to the national CRAs.

35. Plaintiff disputed the alleged account on October 22, 2018.

36. On information and belief, each CRA then forwarded the disputes to PRA through the credit industry's "e-Oscar" system and in response to the dispute, PRA simply responded that it had "verified" that the alleged account belonged to it and was owed by the Plaintiff.

37. On information and belief, PRA standard procedure for receiving and processing consumer disputes is to do so entirely by automated response. It does not conduct a substantive investigation. Literally nothing is done to investigate any dispute.

38. PRA also knew when it received Plaintiff's dispute that it did not have any underlying documents-card member agreements, signed applications, credit card statements, etc.-to support the alleged debt. PRA only lawful option was to delete the trade-line.

39. PRA had actual knowledge that this is what the FCRA required- a "meaningful searching inquiry" and that PRA could not report or "verify" the account trade-line to the CRAs when it lacked underlying documentation.

40. PRA did not perform a reasonable reinvestigation and knowingly and willfully continued to furnish unverified, derogatory and inaccurate information to the CRAs since November 19, 2018 to the present.

41. Discovery of violations brought forth herein occurred on October 22, 2018, and are within the statute of limitations as defined in F.C.R.A 15 U.S.C. §1681p.

42. Defendant PRA failed to verify the authenticity of the alleged debt and continue its collection attempts by continuing reporting false information to the CRAs.

43. Defendant regularly uses the mail in a business the principal purpose of which is the collection of debts.

44. Defendant regularly collect or attempt to collect debts for itself. It is a "debt collector" as defined in the FDCPA and a debt buyer.

6

45. Plaintiff sent notices to DefendantPRA of their violations of the FDCPA, FCCPA and FCRA. This was sent in an effort to mitigate damages and reach a settlement for their violations of Federal and State Law.

## **COUNT I**

### **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY PRA**

46. Plaintiff alleges and incorporates the information in paragraphs 1 through 45.

47. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

48. The Plaintiff has been the subject of collection activity arising from an alleged and non- existing Consumer debt.

49. Defendant is a debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

50. PRA violated §1692e and§1692e (10), by the use of any false, deceptive or misleading representation or means in connection with the collection of an alleged debt or by obtaining information about the consumer. By falsely representing to the CRA's directly or indirectly, expressly or by implication its right to obtain information about the Plaintiff when it pulled his credit report 5 times.

51. PRA pulled plaintiff's credit report and reported a trade-line in an attempt to collect an alleged debt knowing that they were not in possession of any "original account level documentations" to prove that the alleged debt exists. The act of misrepresenting the legal status of an alleged and non-existing debt is a violation of §1692e (2).

52. PRA violated §1692e (5), by threatening to take any action that cannot legally be taken or that is not intended to be taken when they pulled plaintiff's credit report and reported a trade-line under false pretenses, attempting to collect an alleged and non-existing debt.

53. PRA violated §1692e (8) when they threaten or communicate false credit information to the CRA's.

54. PRA violated § 1692 f, when they used unfair or unconscionable means to collect or attempt to collect the alleged debt. PRA reported to the CRA'sthe existence of an alleged

7

account with no account level document to supportits claim in its attempt to collect. Every time it does it, PRA violates this section of the FDCPA.

55. PRA violated § 1692 f (1), when it attempted to collect an amount not authorized by the agreement or permitted by law. Defendant has failed to provide the agreement or contract when it sent a letter to Plaintiffon or around November 10, 2018 claiming to collect a valid account.

56. As a result of this conduct, action and inaction of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress

WHEREFORE, Plaintiff demand judgment for damages against PRA and actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA, 15 U.S.C. §1692k.

## COUNT II

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

## FLA STAT §559(Part VI) BY PRA

57. Plaintiff alleges and incorporates the information in paragraphs 1 through 45.

58. Plaintiff is a consumer within the meaning of §559.55(2).

59. Defendant is a debt collector within the meaning of §559.55(6).

60. The Florida Consumer Collection Practices Act (the "FCCPA") is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. See Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010).

61. PRA violated §559.72(9) by claiming, attempting or threatening to enforce a debt knowing that the debt was not legitimate or by asserting the existence of some other legal right knowing that the right does not exist. PRA could not enforce a debt and report or "verify" the account trade-line to the CRAs when it lacked underlying documentation. PRA claimed to have the legal right to collect an alleged and non-existing debt of the Plaintiff when it kept reporting an unverifiable trade-line with the CRA's.

WHEREFORE, Plaintiff demands judgment for damages against PRA for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY PRA

62. Plaintiff alleges and incorporates the information in paragraphs 1 through 45.

63. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

64. Experian and Trans union are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a (f).

65. PRA is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

66. 15 U.S.C. § 1681b (f) provides a person shall not use or obtain a consumer report for any purpose unless:

(1) the consumer report is obtained for a purpose for which the consumer report isauthorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

67. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

68. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

69. Plaintiff has never had any business dealings or any "accounts" with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from PRA.

70. Plaintiff never had any "accounts" with PRA.

71. PRA obtained Experian and Trans union consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

72. The actions of PRA obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

73. At no time did Plaintiff give his consent for PRA to acquire his consumer credit report from any credit reporting agency.

74. PRA willfully and negligently violated the FCRA. Defendant violations include, but are not limited to the following:

a) Defendant PRA willfully violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

(b) Defendant PRA negligently violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

75. As a result of this conduct, action and inaction of Defendant PRA, the Plaintiff suffered actual damages including without limitation, by example only: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

WHEREFORE, Plaintiff demands judgment for damages against Defendant PORTFOLIO and $1,000.00 for actual or statutory damages per violation, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681s-2(b) BY DEFENDANT PRA

76. Plaintiff alleges and incorporates the information in paragraphs 1 through 45.
77. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).
78. Defendant PRA is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2 and a user of information as defined by 15 USC 1681 m.

79. On one occasion within the two years prior to the filing of this suit, by example only and without limitations, PRA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute regarding the alleged account, and/or by reporting inaccurately the results of such investigation.

80. As a result of this conduct, action and inaction of PRA, the Plaintiff suffered actual damages including without limitation, by example only: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

81. PRA's conduct, action and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, PRA was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff demands judgment for damages against Defendant PRA and $1,000.00 for statutory damages per violation, actual damages, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n and §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,                                     October 10, 2019

*[signature]*

Juan Flores
8186 NW 114 PL
MEDLEY FL 33178-2543
Juan.flores777@hotmail.com