UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE #:19-cv-24190-UU

JUAN FLORES,

    Plaintiff,

Vs

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff, Juan Flores ("Flores" or "Plaintiff"), and Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") (together, the "Parties"), stipulate and agree to entry of this Stipulated Protective Order (the "Order").

WHEREAS, Plaintiff seeks production of documents and records from Defendant in the above styled action ("the Lawsuit") which may contain sensitive, proprietary, confidential business information, ("Confidential Documents"), the disclosure of which Defendant believes may be harmful to its business interests and should be protected from disclosure to third parties; and

WHEREAS, Defendant therefore requests that production of its Confidential Documents be conditioned upon their protection from disclosure to third parties as provided under this Order; and

It is thereupon ORDERED that Confidential Documents shall be produced subject to the following conditions:

    (1) The Confidential Documents shall be designated "CONFIDENTIAL," and any copies of the Confidential Documents shall be stamped and designated "CONFIDENTIAL" and are subject to the terms of this Order.

(2) The Confidential Documents shall not be used or disclosed by the Parties, or any person identified in paragraph (3) below, for any purposes whatsoever other than preparing for and conducting the Lawsuit, including trial and any appellate proceedings, unless otherwise ordered by this Court.

(3) Confidential Documents may be inspected and disclosed only to the following persons:

> (i) Disclosure may be made to the Parties, including the directors, and officers of the Parties to the Lawsuit and their affiliates, and counsel for the Parties in this Lawsuit, including inside counsel of any party who is assisting in the preparation of that party's case;
>
> (ii) Disclosure may be made to employees of counsel for the Parties who have direct functional responsibility for the Lawsuit or who are reasonably required to provide assistance in this Lawsuit. Any such employee to whom counsel for the Parties makes a disclosure shall be advised of, and become subject to, the provisions of this Order requiring that the Confidential Documents and their contents be held in confidence.
>
> (iii) Disclosure may be made to those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such person engaged in making photocopies of documents, such person shall be provided with a copy of this Order and execute Exhibit A..
>
> (iv) Disclosure may be made to witnesses during depositions or at trial (and their counsel, if any) (hereinafter referred to collectively as "Witnesses") in the Lawsuit provided that (1) the Confidential Document(s) is used in connection with the examination of the witness; (2) counsel using such documents or information believes in good faith that such use is necessary or appropriate; and (3) the Witness is first provided with a copy of this Order and executes Exhibit A, or is the author, recipient, or a copyee of such discovery material...
>
> (v) Disclosure may be made to consultants or experts and their staff (hereinafter referred to collectively as "Experts") employed by any of the Parties or counsel to assist in the Lawsuit. Prior to disclosure to any Expert, the Expert must be provided with a copy of this Order and execute Exhibit A..
>
> (vi) Disclosure may be made to any other person who is designated as an authorized person by Order of this Court, after notice to the parties, or by agreement with the designating party.

2

(4) Except as provided in paragraph 3, counsel for any of the Parties shall keep the Confidential Documents secure within his exclusive possession and prohibit their disclosure.

(5) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of the Confidential Documents, or any portions hereof, shall be immediately affixed with the words "CONFIDENTIAL" if that word does not already appear.

(6) Counsel for any producing party may designate so much of any transcript of any deposition "CONFIDENTIAL" as containing the types of information specified above by making a statement on the record during the course of the depositions or by giving notice to the court reporter and all other parties in writing served within fourteen (14) business days of receipt of the transcript of such deposition for inspection and review. Until such fourteen (14) business day time period expires, all parties shall treat the deposition as confidential.

(7) A deponent shall not be permitted to retain copies of Confidential Documents unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Order. A deponent's counsel shall not be permitted to retain any copies of Confidential Documents unless such counsel represents one of the parties in this Suit or is otherwise entitled to receive and retain such copies under the terms of this Order. Nothing in this paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the deponent's deposition for purposes of executing the deposition, preparing to testify further in this Lawsuit, or for other purposes specially agreed to by the parties.

(8) The inadvertent production of any Confidential Documents by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney work-product and shall not necessarily be deemed a waiver of any such privilege or protection. If, after Confidential Documents are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall return the Confidential Documents to the producing party, shall destroy all copies of such materials and shall not make any use of the contested material. Any such Confidential Documents shall be treated as privileged unless the Court rules that such Confidential Documents should not be treated as privileged.

(9) Inadvertent production of any document or information without an appropriate designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the producing party from designating said document or information as confidential at a later date by complying with the provisions of this Order. Disclosure of said document or information by any party prior to such subsequent designation shall not be deemed a violation of the

3

provisions of this Order, provided, however, that any party that disclosed the re-designated material shall make a good faith effort promptly to procure all copies of such re-designated material from any persons known to have possession of any such re-designated material who are not entitled to receive such materials under this Order, and to have all undesignated copies of such documents returned and destroyed.

(10) If another court or an administrative agency subpoenas or orders production of Confidential Documents that a party has obtained under the terms of this Order, such party shall promptly notify in writing the party or other person who designated the document as confidential of the pendency of such subpoena or order.

(11) This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to the Local Rule 5.4 of the United States District Court for the Southern District of Florida.

(12) The Parties agree that any information or documents produced in discovery in this action shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

(13) At the conclusion of the Lawsuit, including any appeals, the Confidential Documents and any and all copies thereof shall be returned to the party providing the documents within thirty (30) days after the conclusion of all proceedings in this Lawsuit.

(14) Nothing herein shall prevent any party, or third party, on notice to all parties, from applying to the Court for a modification of this Order.

(15) This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of this Lawsuit. The Court shall retain authority to consider objections by either party to the other party's designation of specific document(s) as CONFIDENTIAL under this order, and to grant relief in whole or in part from this order as to such designations for good cause shown and to promote the interests of justice.

By: [signature]

Juan Flores, Pro se

8186 NW 114 PL

Medley FL 33178

Juan.flores777@hotmail.com

By: /s/ John S. Gibbs III

John S. Gibbs III
Troutman Sanders LLP
600 Peachtree Street
Atlanta, GA 30308
Telephone: 404-885-3093
Facsimile: 404-885-3900
Email: evan.gibbs@troutman.com
*Counsel for Defendant Portfolio Recovery Associates, LLC*

SO ORDERED this __21__ day of __Dec.__, 2019

[signature]
URSULA UNGARO
U.S. District Court Judge

5

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE #:19-cv-24190-UU**

JUAN FLORES,

    Plaintiff,

Vs

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

    Declaration of _____ under stipulated protective order:

I, _____ being duly sworn, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Order") in the above-referenced case; (ii) I carefully read the Order; and (iii) I understand and am familiar with the terms of the Order.

5. I will comply with all of the provisions of the Order. I will hold all Confidential Documents disclosed to me, including the substance and any copy or summary abstract, in confidence, and will not disclose such material to anyone not qualified under the Order. I will not use Confidential Documents for any purposes other than this case.

6. I will return all Confidential Documents that come into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7. I hereby submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcement of the Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

                                                   _____